UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00042-APG-CWH |
|---|---|
| Plaintiff, | **Order Granting in Part Motion for Acquittal** |
| v. | |
| SHAMARIAE JONES, | [ECF No. 233] |
| Defendant. | |

Defendant Shamariae Jones was convicted by a jury of eight crimes related to a series of armed robberies. He now moves for judgment of acquittal under Federal Rule of Criminal Procedure 29(a). I grant the motion in part. There was sufficient evidence to convict Jones of two counts of bank robbery, conspiracy to commit bank robbery, and one count of brandishing a weapon. But the evidence against Jones on the other charges (robbing a Starbucks, conspiracy to commit that robbery, and two gun charges) was so lacking that the verdicts cannot be based on anything but pure speculation, so I acquit him of those charges.

**FACTUAL BACKGROUND**

Jones and co-defendant Edwin Arnold, Jr. were accused of robbing a Starbucks restaurant twice and two banks (a Citibank and a Chase Bank) between December 29, 2016 and January 26, 2017. The Government's theory of the case has always been that Jones was the getaway driver for all four robberies, and that a third, unindicted co-conspirator participated in some of the robberies. *See* ECF No. 234 at 6 n.2.

No video exists of the first Starbucks robbery (on December 29, 2016), but witnesses identified Arnold as the lone robber.

Regarding the Citibank robbery (on January 10, 2017), surveillance video shows two Black men enter the bank, one of the robbers (later identified by victims as Arnold) point a chrome handgun at a teller and receive cash, and both robbers exit.

Video of the second Starbucks robbery (on January 24, 2017) shows two Black men enter the store separately.  One robber (later identified by victims as Arnold) brandishes a chrome handgun and receives cash from an employee.  The other robber wears an oversized grey-and-black hoodie sweatshirt that is pulled tight over a baseball cap such that his face cannot be seen on the video.

Video of the Chase Bank robbery (on January 26, 2017) shows one Black man (later identified by victims as Arnold) enter alone, point a chrome handgun at a customer and bank teller, receive cash from the teller, and point the gun at another employee and a customer on the way out of the bank.

While the Chase Bank robbery was taking place, law enforcement officers were staking out Arnold's apartment to arrest him.  A few minutes after the robbery, Jones drove up in a car and backed into a parking space in front of Arnold's apartment.  He got out of the car and got into the back seat, where he sat "for quite some time." ECF No. 237 at 117 (transcript of Officer Beck's testimony).  He eventually got out again and opened the trunk, from which Arnold climbed out.  The two hurried into Arnold's apartment where they were arrested moments later.

Officers searched the car Jones was driving and found in the trunk a chrome handgun matching the one used in the robberies and a grey-and-black sweatshirt matching the one worn by one of the robbers in the second Starbucks robbery.  In the back seat of the car officers found loose ammunition usable in the gun.

Jones admitted to an FBI agent that he was the getaway driver for all four robberies, and that $600 found in his pants pocket came from "earlier that day." But the bulk of Jones' statements to the FBI agent were not admitted into evidence at trial because the Government elected to try Jones and Arnold together, and admission of most of Jones' statements would have violated the Confrontation Clause. *See Bruton v. United States*, 391 U.S. 123 (1968). Particularly, the jury was not told that Jones admitted his involvement in the robberies, let alone being the getaway driver. Rather, the jury heard only that he admitted the $600 came from "earlier that day." ECF No. 239 at 181 (transcript of former FBI Special Agent Henry Schlumpf's testimony).

Jones and Arnold were convicted by the jury of eight crimes: two counts of bank robbery (Citibank and Chase Bank), one count of interference with commerce by robbery (the second Starbucks), three counts of brandishing a firearm during and in relation to a crime of violence, and two counts of conspiracy. ECF No. 229. Arnold was also convicted of the first Starbucks robbery and a related brandishing charge, but Jones was acquitted of those two crimes. Jones now moves for acquittal of all charges against him, arguing that there is insufficient evidence to convict him.

**LEGAL STANDARD**

In deciding Jones' motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). While this standard is highly deferential to the jury, "[m]ore than a 'mere modicum' of evidence is required to support a verdict." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (quoting *Jackson*, 443 U.S. at 320). The evidence must support

a "reasonable inference" by the jury, rather than "mere speculation." *Id.* at 1165. And "mere proximity to contraband, or association with a person having possession of such contraband, is insufficient standing alone to support a finding of possession of that contraband." *Id.*

In its opposition to the motion, the Government acknowledges that its theory of the case has always been that Jones was the getaway driver for all the robberies and that another, unidentified robber assisted Arnold inside Citibank and Starbucks. ECF No. 234 at 6 n.2. This theory is based on Jones' admissions to the FBI agent, most of which the jury never heard. *Id.* No eyewitness identified Jones at any of the robberies. The evidence against Jones was circumstantial: arriving at Arnold's apartment with Arnold in the trunk immediately after the Chase Bank robbery; $600 in his pocket that he admitted came from "earlier that day"; the gun, sweatshirt, and ammunition found in the car; and surveillance videos from the robberies.

**The Chase Bank robbery and conspiracy**

Viewing the evidence in the light most favorable to the Government, a rational juror could find Jones guilty of committing the Chase Bank robbery. Immediately after that robbery, while the police were staking out Arnold's apartment, Jones was seen backing a car "known to be associated with Mr. Arnold" into a parking spot in front of Arnold's apartment. ECF No. 237 at 115-16 (transcript of Officer Sean Beck's testimony). After lingering in the back seat of the car, Jones opened the trunk to let Arnold out. The gun and matching ammunition were found in the car and Jones had $600 in his pocket that he admitted came from "earlier that day." Viewing this evidence in the light most favorable to the Government, a rational trier of fact could find the elements of bank robbery beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The jury could

also infer that he conspired with Arnold to be the getaway driver for this robbery.[1] I will not overturn the jury's verdicts on the charges of bank robbery and conspiracy to commit bank robbery regarding the Chase Bank robbery.

**The Starbucks robbery, conspiracy, and brandishing a weapon[2]**

It is a closer question regarding the Starbucks robbery. The Starbucks surveillance video shows two Black men entering the store. The face of the unidentified second robber cannot be seen. That robber wore a grey-and-black sweatshirt, which was found in the trunk of the car Jones was driving two days later when he was arrested with Arnold. Again, the Government does not contend Jones was that second robber.

The only evidence linking Jones to this robbery is him driving Arnold home immediately after the Chase Bank robbery two days later and the sweatshirt, gun, and ammunition found in the car. The Government presented no evidence as to ownership of the car or whether Jones had possession of it at any time other than immediately before he was arrested. Rather, Las Vegas Metropolitan Police Department Officer Sean Beck described the car as "Mr. Arnold's vehicle or the vehicle that he was known to be associated with" and "the vehicle associated with Mr. Arnold." ECF No. 237 at 115-16 (transcript of his testimony). Had the evidence shown Jones was the getaway driver, he could be found guilty of Hobbs Act robbery and the gun charge under either an aiding and abetting theory or a co-conspirator liability theory. *See* ECF No. 221 at 23, 24 (jury instructions for co-conspirator liability and aiding and abetting). But, again, no

---

[1] *See* ECF No. 221 at 25 (Jury Instruction on conspiracy to commit bank robbery: "One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.").

[2] Because Jones was acquitted of the first Starbucks robbery, I will not address allegations or charges regarding it.

evidence was presented to the jury showing he drove the car on the day of this robbery, that he owned the car, or that he had possession of the car at any time other than immediately before he was arrested. Thus, the fact that the sweatshirt was found in the car was only a modicum of evidence connecting him to the Starbucks robbery. More is needed to convict. *Nevils*, 598 F.3d at 1164.

Nor is there any evidence Jones used a gun or knew or could foresee that a gun would be used in that robbery. *See* ECF No. 221 at 31 (jury instruction on co-conspirator liability for gun charges stating that "the use of a firearm . . . could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement"); ECF No. 221 at 33-34 (jury instruction on aiding and abetting liability for gun charges). Thus, the conviction for brandishing a firearm in connection with the Starbucks robbery cannot stand.

The Government offers no additional evidence to support the charge of conspiracy to commit the Starbucks robbery. The evidence is thus insufficient to sustain the conviction. *See United States v. Jauregui*, 918 F.3d 1050, 1058 (9th Cir. 2019) ("attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions are disfavored" (quotations omitted)).

I will overturn the jury's verdicts and acquit Jones of the charges of interference with commerce by robbery, conspiracy to commit interference with commerce by robbery, and brandishing a weapon in connection with the Starbucks robbery.

**The Citibank robbery**

The surveillance video from the Citibank robbery shows two Black men committing the robbery from several angles, but there is only one brief glimpse of the robbers' faces in one video clip. One robber closely resembles Arnold. It is less clear whether the second robber

resembles Jones' booking photograph from 16 days later. *See* Trial Ex. 26B. During the trial, that video clip was admitted into evidence, but the Government did not show it to the jury. During deliberations, the jury asked to review that clip, which was permitted. ECF No. 241 at 3-4. Jones was convicted of bank robbery and brandishing a weapon for this robbery.

This surveillance video is the only evidence in addition to the evidence found in the car. Again, the Government does not advocate that Jones was the second robber in the bank. But viewing the video in the light most favorable to the Government, a rational juror could compare that video to Jones' booking photo taken 16 days later and, in combination with other circumstantial evidence, believe it is Jones. Even if that belief may be mistaken, I cannot overturn the jury's finding under these circumstances. *See Jackson*, 443 U.S. at 319 ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original)). I therefore will deny the motion to acquit Jones of the bank robbery charge regarding the Citibank robbery.

**The gun charges for the bank robberies**

Jones contends there is insufficient evidence to convict him of brandishing a firearm in connection with either of the bank robberies.

A defendant can be held responsible for the foreseeable acts of co-conspirators. *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946). "Whether an act is foreseeable is a fact-driven and case-specific inquiry, conducted under the deferential standard of review common to all sufficiency of the evidence claims." *United States v. Carr*, 761 F.3d 1068, 1080-81 (9th Cir. 2014). Thus, the question is whether it was foreseeable to Jones that Arnold would use a gun in each of the robberies.

The only direct evidence connecting Jones to the gun is that the gun was found in the trunk of the car he was driving immediately after the Chase Bank robbery. Arnold emerged from that trunk. The Government also points out that ammunition usable in the gun was found in the back seat of the car. Again, however, the Government presented no evidence that Jones owned the car or had possession of it at any time before he was seen parking it in front of Arnold's apartment. And no evidence was presented that Jones was involved in planning any of the robberies, or that he discussed them with Arnold before they occurred.

In *Carr*, the Ninth Circuit affirmed the district judge's grant of a motion for acquittal of gun charges against one defendant (Franklin) under similar circumstances. In that case, "there was no direct evidence linking Franklin to the use of firearms, and no evidence that guns were discussed or present at the planning meeting" that Franklin allegedly attended. 761 F.3d at 1081. The Government argued that use of a firearm was foreseeable because of the nature of the "takeover" style of robbery, and because at least one robber having a gun made it likely it was discussed at the planning meeting. *Id.* The trial judge overturned the guilty verdicts against Franklin on the gun charges because there was no evidence that Franklin was at the scene of the robbery when the guns were displayed or used, and the evidence did not show this was the type of "takeover" robbery that would necessitate the use of guns for crowd control. *Id.* at 1080. The Ninth Circuit affirmed because "no evidence showed that the robbers planned to use guns to subdue or intimidate the tellers, or that Franklin was aware that at least one of his coconspirators was carrying a gun . . . ." *Id.* at 1081.

Here, the evidence is similarly lacking regarding the Citibank robbery. There is no evidence that Jones was involved in planning that robbery or that he knew a gun would be used. The Government argues that the jury could infer that Jones foresaw the use of the gun because he

was involved in a pattern of robberies in the same general area, each involving a gun. ECF No. 234 at 10.  But there is no evidence that Jones participated in or helped plan a robbery involving a gun before the Citibank robbery.  The gun was clearly displayed at that robbery, so he could have foreseen the use of the gun in the later Chase Bank robbery.  I therefore will not acquit him of the gun charge regarding the Chase Bank robbery.  But it is too far of a leap, based on the lack of evidence, to conclude that Jones foresaw the use of a gun in the earlier Citibank robbery. *See Carr*, 761 F.3d at 1081 ("A finding of reasonable foreseeability must be based upon something more than . . . observations about bank robberies in general.").

I will grant Jones' motion to acquit him on the brandishing charge related to the Citibank robbery but not the charge related to the Chase Bank robbery.

**CONCLUSION**

There was sufficient evidence to convict Jones of two counts of bank robbery, conspiracy to commit those robberies, and one count of brandishing a firearm (related to the Chase Bank robbery).  But the evidence against Jones on the other charges was so lacking that the verdicts cannot be based on anything but pure speculation.  I grant the motion as to those other charges.

I THEREFORE ORDER that Jones' motion **(ECF No. 233) is granted in part.**  I deny the motion as to Count Two (conspiracy to commit bank robbery), Count Five (bank robbery), Count Nine (bank robbery), and Count Ten (brandishing a firearm).  But I grant the motion and overturn the jury's verdict on the other charges and acquit Jones of Count One (conspiracy to commit interference with commerce by robbery), Count Six (brandishing a firearm), Count Seven (interference with commerce by robbery), and Count Eight (brandishing a firearm).

Dated:  September 15, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE